1  RUTAN & TUCKER, LLP
   Philip D. Kohn (State Bar No. 90158)
2   City Attorney, City of Laguna Beach
    pkohn@rutan.com
3  611 Anton Boulevard, Fourteenth Floor
   Costa Mesa, California 92626-1931
4  Telephone:  (714) 641-5100
   Facsimile:   (714) 546-9035
5
   Attorneys for Defendants
6  CITY OF LAGUNA BEACH, CITY OF
   LAGUNA BEACH POLICE DEPARTMENT
7  and OFFICER ANDREW PECK

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  JEFFREY WHITE,                      Case No.   **SACV08-01109 JVS (RNBx)**

12            Plaintiff,

13       v.

14  CITY OF LAGUNA BEACH, CITY OF       **NOTICE OF DEFENDANTS'**
    LAGUNA BEACH POLICE                 **REMOVAL OF CIVIL ACTION**
15  DEPARTMENT, OFFICER A. PECK (10 # 30928), in his Individual and **UNDER U.S.C. §1441(b)**
16  Official Capacity, and DOES 1-50

17            Defendants.

18

19  TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT

20  OF CALIFORNIA, AND TO PLAINTIFF JEFFREY WHITE AND HIS

21  ATTORNEY OF RECORD:

22        PLEASE TAKE NOTICE that Defendants CITY OF LAGUNA BEACH,

23  CITY OF LAGUNA BEACH POLICE DEPARTMENT and POLICE OFFICER

24  ANDREW PECK hereby remove this action from the Superior Court of the State of

25  California for the County of Orange to the United States District Court for the

26  Central District of California.  This Court has jurisdiction under this Notice of

27  Removal pursuant to 28 U.S.C. section 1331 because the action undertaken to be

28  removed presents a federal question, as more specifically set forth below.

1    1.    On July 23, 2008, Plaintiff filed a Complaint in the Superior Court of

2    the State of California for the County of Orange entitled Jeffrey White v. City of

3    Laguna Beach, et al., bearing Case No. 30-2008-00109643, a copy of which is

4    attached hereto as Exhibit "A."

5    2.    The first date upon which Defendants City of Laguna Beach, City of

6    Laguna Beach Police Department and Police Officer Andrew Peck received a copy

7    of the Complaint in this action was September 5, 2008, when the City Clerk of the

8    City of Laguna Beach was served with a Summons from the Orange County

9    Superior Court and a copy of the Complaint.  A copy of the Summons is attached

10   hereto as Exhibit "B."

11   3.    Accordingly, this Notice of Removal is being timely filed pursuant to

12   29 U.S.C. section 1446(b).

13   4.    This action is a civil case over which this Court has original jurisdiction

14   under 28 U.S.C. section 1331 and is one that Defendants may remove pursuant to

15   the provisions of 28 U.S.C. section 1441(b) in that the Complaint is based on

16   alleged violations of 42 U.S.C. section 1983, inasmuch as Plaintiff alleges a

17   violation of the First, Fourth and Fourteenth Amendments of the United States

18   Constitution.

19

20   Dated:  October 2, 2008                    RUTAN & TUCKER, LLP

21

22                                             By: _____

23                                             PHILIP D. KOHN
                                               Attorneys for Defendants
24                                             CITY OF LAGUNA BEACH, CITY
                                               OF LAGUNA BEACH POLICE
25                                             DEPARTMENT and POLICE
                                               OFFICE ANDREW PECK

26

27

28

Rutan & Tucker, LLP
attorneys at law

130/053733-0539                                       -2-
958894.01 a10/02/08        DEFENDANTS' NOTICE OF REMOVAL OF ACTION

1  ALLISON K. ARANDA – SBN 215021
2  LIFE LEGAL DEFENSE FOUNDATION
   P.O. Box 890685
3  Temecula, CA 92589
   Tel: (951) 541-9327
4  Fax: (951) 541-2711

5  Attorney for Plaintiff

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JUL 23 2008

ALAN SLATER, Clerk of the Court

BY:_____ J. TRAN _____, DEPUTY

7        SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                     COUNTY OF ORANGE

9                                          30-2008

10  JEFFREY WHITE,                    )  Case No.:
                                      )        0 0 1 0 9 6 4 3
11           Plaintiff,               )  COMPLAINT FOR DAMAGES AND
                                      )  INJUNCTIVE RELIEF
12      vs.                           )
                                      )  1.  42 U.S.C. § 1983 (1st and 14th
13                                    )      Amendments)
    CITY OF LAGUNA BEACH, CITY OF     )  2.  42 U.S.C. § 1983 (4th and 14th
14  LAGUNA BEACH POLICE DEPARTMENT,   )      Amendments)
    OFFICER A. PECK (ID # 30928), in his ) 3. False Arrest/Imprisonment
15  Individual and Official Capacity, and DOES 1- ) 4. California Civil Code §52.1 (CA Const.
    50,                               )      Art. 1, §§ 2 and 3)
16                                    )  5.  California Civil Code §52.1 (CA Const.
             Defendants.              )      Art. 1 §13)
17                                    )
                                      )  DATE:
18                                    )  TIME:    JUDGE RANDELL L. WILKINSON
                                      )  DEPT:           DEPT. C25
19                                    )  TRIAL:

21  Plaintiffs allege:

22                        **INTRODUCTION**

23      1.  Plaintiff Jeffrey White is a citizen of the United States and a co-founder of "Survivors

24  of the Abortion Holocaust" [hereafter referred to as "Survivors"].  Motivated by his moral,

25  religious, and political beliefs, plaintiff regularly engages in pro-life, anti-abortion speech

26  activities.  These speech activities include hand-to-hand leafleting, education about abortion, and

27  holding signs with a pro-life, anti-abortion message.  All of these activities occur on the public

28  sidewalks or other public fora, where he and others can convey their message to the public.

                              - 1 -

2.   On July 7, 2007, plaintiff, along with several other participants with Survivors, went to Main Beach Park located at 101 South Coast Highway the City of Laguna Beach. On this occasion, plaintiff went to exercise his free speech rights under the state and federal constitutions to express his views about abortion. His expressive activity consisted of peacefully holding signs, distributing life saving information about abortion, and speaking to beachgoers and passersby about abortion. Plaintiff's activities at Laguna Beach took place entirely in areas open to the public on the public sidewalk, in a non-obstructive, non-disruptive manner.

3.   Despite plaintiff's lawful actions on July 7, 2007, the City of Laguna Beach Police Department [hereafter referred to as "LBPD"] threatened to arrest plaintiff, and the entire group of Survivors, for holding signs on the public sidewalk. And, in fact, Officer Peck, and other LBPD officers, issued Mr. White a citation for standing still on a sidewalk in a manner that obstructed the free flow of pedestrian traffic. Mr. White challenged the validity of the citation. At trial, before Mr. White even uttered a single word, Mr. White was found not guilty by an Orange County Superior Court Judge. The court found that Officer Peck failed to present any evidence that Mr. White committed a crime. Furthermore, the court noted that the evidence that Officer Peck proffered to the court, in fact, proved that Mr. White was innocent of the charge against him.

## JURISDICTION

4.   This action arises under the California Constitution Article 1 §§ 2, 3, and 13 and California Civil Code § 52.1(b). Injunctive relief is authorized under California Civil Code §52(b).

## VENUE

5.   Venue is proper in this court because the conduct complained of occurred in the City of Laguna Beach and County of Orange, California.

## PARTIES

6.   Plaintiff Jeffrey White is a pro-life activist and a co-founder of Survivors of the Abortion Holocaust.

- 2 -

COMPLAINT

EXHIBIT _A_ PG _4_

7.   Defendant Laguna Beach Police Department is, and at all times mentioned herein was, a Police Agency of the City of Laguna Beach, duly organized and existing under the laws of the State of California.

8.   Defendant City of Laguna Beach is, and at all times mentioned herein was, a municipal corporation, duly organized and existing under the laws of the State of California and situated in the County of Orange.

9.   Defendant Officer A. PECK, ID # 30928 (herein after referred to as "PECK") is, and at all times mentioned herein was, a sworn peace officer employed by defendant Laguna Beach Police Department and in doing the acts hereinafter described, acted both within the course and scope of his employment and pursuant to the official policies and customs of the Laguna Beach Police Department and in his individual capacity and was the agent of each of the other defendants.

10. Does 1-25 are fictitiously named defendants who are, and at all times herein mentioned were, employed by the Laguna Beach Police Department and whose identities are as yet unknown to the plaintiffs.  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.  Each of these defendants, in doing the acts alleged herein, was acting both within the scope of his or her authority and employment and pursuant to the official policies and customs of the Laguna Beach Police Department and in his or her individual capacities and was at all times mentioned herein the agent of each of the other defendants.

11. Does 26-50 are fictitiously named defendants who are, and at all times herein mentioned were, employed by the City of Laguna Beach and whose identities are as yet unknown to the plaintiffs.  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.  Each of these defendants, in doing the acts alleged herein, was acting both within the scope of his or her authority and employment and pursuant to the official policies and customs of the City of Laguna Beach and in his or her individual capacities and was at all times mentioned herein the agent of each of the other defendants.

- 3 -

COMPLAINT

EXHIBIT  A  PG  5

## GENERAL ALLEGATIONS

12. Plaintiff Jeffrey White is a co-founder of a group called "Survivors of the Abortion Holocaust." Survivors is a Christian, pro-life activism organization dedicated to educating and activating high school and college age individuals.

13. In July of 2007, the Survivors conducted their 10th annual Pro-life Training Camp in southern California. During the intense training, Survivors participate in events across southern California. The events held during camp are designed to teach young people to speak the truth about abortion, to educate the public about abortion, and to encourage abortion-minded women to recognize the child within them as a human being, deserving of life. Through the use of displays, educational literature, and counseling, the Survivors encourage the pregnant women to keep their baby and provide alternatives to abortion.

14. On July 7, 2007, all of the plaintiffs, along with other Survivors' participants, visited the Main Beach Park located at 101 South Coast Highway in the City of Laguna Beach. Plaintiff, and other participants with the group who had come to take part in the event, stood on the public sidewalk at the public park, quietly holding signs, distributing life-saving information, and speaking to passersby about abortion alternatives. At no time did any of the plaintiffs, or other Survivors, violate the law.

15. About thirty minutes after the Survivors' arrived at the park and set up their signs, the Laguna Beach Police [hereinafter referred to as "LBPD"] arrived on scene. The LBPD approached several of the students who were participating in the event to question them about their activities. The students directed the police to speak with Mr. White. The officers, led by Officer Peck, [hereinafter referred to as "PECK"] demanded that Mr. White and the group of participants move their free speech activity to a grassy knoll away from the passersby. PECK and the LBPD told plaintiff that he and his group were blocking the sidewalks. PECK and the LBPD threatened to arrest anyone and everyone who refused to move to the grassy knoll.

16. Mr. White tried to reason with and show PECK and the LBPD that the participants were in fact not blocking the sidewalk. In fact, plaintiff stood next to PECK and the LBPD and pointed out that individuals were freely walking by the participants holding the signs uninhibited

- 4 -

COMPLAINT

EXHIBIT A PG 6

from using the sidewalk. PECK and the LBPD took photographs of and videotaped the group holding signs on the public sidewalk, while many people freely walked by undeterred from using the sidewalk in conjunction with plaintiff and others.

17. Mr. White was extremely upset by the police presence at this peaceful expression of such an important message against the injustice of abortion. For many participants, this was their first experience standing up for their moral and religious beliefs and exercising their free speech rights in a public place. Mr. White feared that the discrimination and abuse of power targeted at his group by the LBPD would stigmatize the young students and forever deter them from exercising their Constitutional rights in the future. Educating the public about the truth of our nation's worse human atrocity depends on the willingness and the ability of United States citizen's to speak the truth and freely exercise their First Amendment rights guaranteed by our Constitution. The actions of the LBPD threatened to undermine this bedrock principle that our nation was founded upon.

18. Determined to stand for justice, Mr. White continued to attempt to explain to PECK and the LBPD that the participants' were not violating the law because they were not "blocking" the sidewalk and that PECK and the LBPD's request was not reasonable or constitutional, PECK and the LBPD refused to listen. Mr. White was standing away from the group, not holding a sign, speaking with the LBPD, and all of a sudden, PECK and the LBPD asked for plaintiff's license and then turned a citation book towards plaintiff and asked him to sign it. Mr. White was stunned, particularly since he was simply acting as a liaison for the group in their communication with the LBPD.

19. PECK, and other LBPD officers, issued Mr. White a citation for standing still on a sidewalk in a manner that obstructed the free flow of pedestrian traffic, a violation of Laguna Beach Municipal Code § 10.10.060. At trial, Mr. White was found not guilty by an Orange County Superior Court Judge and exonerated of all criminal allegations relating to the events on July 7, 2007 at Main Beach Park in the City of Laguna Beach.

- 5 -

EXHIBIT __A__ PG __1__

20. Pursuant to Government Code § 900 et seq., plaintiff submitted a Claim for Damage or Injury to the Laguna Beach Police Department and the City of Laguna Beach as to the incident described in paragraphs 12 through 18 herein.

21. On December 26, 2007, Laguna Beach Police Traffic Sergeant Jason Kravetz signed plaintiff's "complaint by members of the public" form acknowledging that plaintiff's complaint had been received by the department.  No further action has been taken as of the date of the filing of this complaint.

22. On January 25, 2008, Laguna Beach City Clerk Martha Anderson wrote a letter to plaintiffs' attorney Allison Aranda notifying her that plaintiff's claims as to the incident had been denied by the City Council on January 22, 2008.

### FIRST CAUSE OF ACTION:  Violation of 42 U.S.C. § 1983

**(Against Defendants City of Laguna Beach, Laguna Beach Police Department, Laguna Beach Police Officer A. Peck, in his personal and official capacity, and DOES 1-50)**

23. Plaintiff incorporates and realleges paragraphs 1 through 22 as though stated herein.

24. Defendants committed the acts described in paragraphs 12 through 19 before the public, including friends and family members of the plaintiffs.  Plaintiff did not consent to the defendants' acts and found them to be harmful and offensive to their person and dignity.

25. As a direct and proximate result of defendants' actions, described in this complaint, plaintiff suffered humiliation, embarrassment, discomfort, mental anguish, fear, anxiety, loss of reputation, and emotional distress.

26. Defendants intended to, and did, by their actions, prevent and chill the exercise of plaintiff's rights of free speech, peaceable assembly and free exercise of religion as guaranteed by the First and Fourteenth Amendments to the United States Constitution.

27. At the time of the deprivations, plaintiff's rights of free speech, peaceable assembly and free exercise of religion were clearly established and included the right to engage in the particular expressive activities for which plaintiff was arrested and threatened with arrest.

- 6 -

EXHIBIT A PG 8

Because plaintiff's rights were clearly established at the time, defendants knew or should have known that their conduct violated important and cherished constitutional rights of the plaintiff.

28. Although plaintiff Jeffrey White was arrested, cited, and charged with violating Laguna Beach Municipal Code § 10.10.060, an Orange County Superior Court Judge found Mr. White not guilty at the conclusion of Officer Peck's presentation of evidence at trial because Mr. White, in fact, did not violate the law.

29. Plaintiff is informed and believes and thereon alleges that all of the acts of the defendants, their officers, agents, servants, and employees, as alleged herein, were done under color and pretense of the statutes, ordinances, regulations, customs, official policies, official procedures, and usages of the Laguna Beach Police Department and the City of Laguna.

30. In acting as alleged in this complaint, defendants acted knowingly, willfully, and maliciously, and with oppression and reckless and callous disregard for plaintiff's constitutionally protected rights, so as to justify an award of exemplary and punitive damages.

31. As a result of defendants' actions, plaintiff has suffered and will continue to suffer extreme hardship and actual and impending irreparable harm in that plaintiff is informed and believes and thereon alleges that defendants' will continue to deprive plaintiff of his constitutionally protected right to free speech on the public sidewalks at Main Beach Park located at 101 South Coast Highway in the City of Laguna any time plaintiff attempts to exercise his rights at said location.

32. Plaintiff has no adequate or speedy remedy at law for the conduct of defendants described in this complaint. This action for injunctive relief is plaintiff's only means of securing prospective relief, preventing further deprivation of his free speech rights.

### SECOND CAUSE OF ACTION: Violation of 42 U.S.C. § 1983

**(Against Defendants City of Laguna Beach, Laguna Beach Police Department, Laguna Beach Police Officer A. Peck, in his personal and official capacity, and DOES 1-50)**

33. Plaintiff incorporates and realleges paragraphs 1 through 32 as though stated herein.

COMPLAINT

EXHIBIT A PG 9

34. As a direct and proximate result of the actions and omissions of the defendants, plaintiff Jeffrey White was denied his constitutional right to be secure in his person against unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

35. At the time of the deprivations, plaintiff's rights to be free from unreasonable search and seizure was clearly established and included the right to engage in the particular expressive activities for which plaintiff was arrested and threatened with arrest. Because plaintiff's rights were clearly established at the time, defendants knew or should have known that their conduct violated important and cherished constitutional rights of the plaintiff.

36. As a direct and proximate result of defendants' actions, described in this complaint, plaintiff has suffered humiliation, embarrassment, discomfort, mental anguish, fear, anxiety, loss of reputation and emotional distress.

37. As a result of defendants' actions, plaintiff has suffered and will continue to suffer extreme hardship and actual and impending irreparable harm in that plaintiff is informed and believes and thereon alleges that defendants' will continue to unlawfully arrest plaintiff on the public sidewalks at Main Beach Park located at 101 South Coast Highway in the City of Laguna any time plaintiff attempts to exercise his free speech rights at said location.

38. Plaintiff has no adequate or speedy remedy at law for the conduct of defendants described in this complaint. This action for injunctive relief is plaintiff's only means of securing prospective relief, preventing further unlawful searches and seizure of plaintiff's property.

## THIRD CAUSE OF ACTION:  False Arrest/Imprisonment

### (Against Defendants City of Laguna Beach, Laguna Beach Police Department, Laguna Beach Police Officer A. Peck, in his personal and official capacity, and DOES 1-50)

39. Plaintiff incorporates and realleges paragraphs 1 through 38 as though stated herein.

40. Defendants acted without reasonable cause and without due care in causing the arrest and imprisonment of Jeffrey White. As a result of defendants' actions, plaintiff Jeffrey White

- 8 -

1    suffered humiliation, embarrassment, discomfort, mental anguish, fear, anxiety, loss of

2    reputation and emotional distress.

3        41. On or about December 26, 2007, plaintiff presented claims to defendant Laguna

4    Beach Police Department.  No action on the part of the Laguna Beach Police Department has

5    been taken as of the date of the filing of this complaint.

6        42. On or about December 26, 2007, plaintiff presented claims to defendant, City of

7    Laguna Beach.  On or about January 25, 2007, defendant, City of Laguna Beach rejected

8    plaintiffs' claims in their entirety.

9        43. On July 7, 2007, plaintiff Jeffrey White was seized and arrested while peacefully

10   engaging in pro-life speech activities, by defendants, maliciously and without warrant or order of

11   commitment or any other legal authority of any kind, when plaintiff had not committed any

12   crime or public offense.  Defendants accused plaintiffs of committing the crime of standing still

13   on the sidewalk in a manner that obstructed the free flow of pedestrian traffic, but in fact the

14   offense had not occurred, nor did defendants have probable cause to believe that they had

15   occurred or that plaintiff had committed the alleged crimes.

16       44. Defendant A. Peck issued plaintiff Jeffrey White a citation alleging a violation of

17   Laguna Beach Municipal Code § 10.10.060 and ordering Mr. White to appear in Orange County

18   Superior Court on or before August 22, 2007.

19       45. As a proximate result of the acts of defendants, and each of them, herein alleged,

20   plaintiff Jeffrey White was compelled to secure the services of an attorney at law to appear for

21   arraignment and trial in the City of Laguna Beach, County of Orange.

22       46. As a further proximate result of the acts of defendants, and each of them, as herein

23   alleged, plaintiff Jeffrey White has suffered humiliation, embarrassment, discomfort, mental

24   anguish, fear, anxiety, loss of reputation and emotional distress.

25       47. The acts of defendants, and each of them, as herein alleged were willful, wanton,

26   malicious, and oppressive, and justify the awarding of punitive damages.

27

28

- 9 -

COMPLAINT

EXHIBIT __A__ PG __11__

## FOURTH CAUSE OF ACTION:  Violation of California Civil Code § 52.1

### (Against All Defendants)

48. Plaintiff incorporates and realleges paragraphs 1 through 47 as though stated herein.

49. Plaintiff has the rights to free speech and assembly and free exercise of his religion guaranteed by the First and Fourteenth Amendments of the United States Constitution and Article I §§ 2 and 3 of the California Constitution.

50. Defendants, because of plaintiff's religious beliefs and political beliefs and the peaceful expression of those beliefs, attempted to interfere, by means of threats, intimidation and coercion, with plaintiff's exercise of their rights to free speech and assembly and free exercise of their religion guaranteed by the First and Fourteenth Amendments of the United States Constitution and Article I §§ 2 and 3 of the California Constitution.

51. Defendants, because of plaintiff's religious beliefs and political beliefs and the peaceful expression of those beliefs, intentionally interfered, by means of threats, intimidation, and coercion, with plaintiff's exercise of their rights to free speech and assembly and free exercise of their religion guaranteed by the First and Fourteenth Amendments of the United States Constitution and Article I §§ 2 and 3 of the California Constitution.

52. As a proximate result of the interference, and attempted interference, with plaintiff's rights to free speech and assembly and free exercise of their religion by the defendants, and each of them, plaintiff has suffered damages in the sum of $50,000.

53. As a proximate result of the wrongful acts of defendants, plaintiff is in addition entitled to recover a statutory civil penalty of $25,000, as provided in Civil Code §52(b), from each named defendant for each and every violation of Civil Code § 52.1.

54. The acts of defendants, and each of them, were willful, wanton, malicious, oppressive, were done in reckless disregard of plaintiff's rights, and justify the awarding of punitive damages.

55. The unlawful conduct of defendants, unless restrained and enjoined by an order of this court, will cause great and irreparable harm to plaintiff in that plaintiff reasonably believes

COMPLAINT

EXHIBIT _A_  PG _12_

1    he will be arrested or threatened with arrest whenever he seeks to exercise his rights to free

2    speech and assembly and free exercise of his religion on the public sidewalk at Main Beach Park

3    or any other public place within the City of Laguna Beach.

4       56. Plaintiff has no adequate remedy at law for the injuries and threats complained of in

5    this complaint in that his rights to free speech and assembly and free exercise of his religion on

6    the public sidewalk at Main Beach Park or any other public place within the City of Laguna

7    Beach will be chilled unless defendants' wrongful conduct is restrained and enjoined.

8

9               **FIFTH CAUSE OF ACTION:  Violation of California Civil Code § 52.1**

10                      (Against All Defendants)

11

12       57. Plaintiffs incorporate and reallege paragraphs 1 through 56 as though stated herein.

13       58. Plaintiff has the right to be secure in his person against unreasonable searches and

14    seizures guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution

15    and Article I § 13 of the California Constitution.

16       59. Defendants, because of plaintiff's religious beliefs and political beliefs and the

17    peaceful expression of those beliefs, attempted to interfere, by means of threats, intimidation and

18    coercion, with plaintiff's right to be secure in his person against unreasonable searches and

19    seizures guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution

20    and Article I § 13 of the California Constitution.

21       60. Defendants, because of plaintiff's religious beliefs and political beliefs and the

22    peaceful expression of those beliefs, intentionally interfered, by means of threats, intimidation,

23    and coercion, with plaintiff's right to be secure in his persons against unreasonable searches and

24    seizures guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution

25    and Article I § 13 of the California Constitution.

26       61. As a proximate result of the wrongful acts of defendants, plaintiff is in addition

27    entitled to recover a statutory civil penalty of $25,000, as provided in Civil Code §52(b), from

28    each named defendant for each and every violation of Civil Code § 52.1.

COMPLAINT

EXHIBIT  A  PG  13

62. The acts of defendants, and each of them, were willful, wanton, malicious, oppressive, were done in reckless disregard of plaintiff's rights, and justify the awarding of punitive damages.

63. The acts of defendants, and each of them, were willful, wanton, malicious, oppressive, were done in reckless disregard of plaintiff's rights and justify the awarding of punitive damages.

64. The unlawful conduct of defendants, unless restrained and enjoined by an order of this court, will cause great and irreparable harm to plaintiff in that plaintiff reasonably believes he will be arrested or threatened with arrest whenever he seeks to exercise his rights to free speech, assembly, free exercise of his religion, and right to be secure in his persons against unreasonable searches and seizures on the public sidewalk at Main Beach Park or any other public place within the City of Laguna Beach.

65. Plaintiff has no adequate remedy at law for the injuries and threats complained of in this complaint in that his rights to free speech and assembly and free exercise of his religion on the public sidewalk at Main Beach Park or any other public place within the City of Laguna Beach will be chilled unless defendants' wrongful conduct is restrained and enjoined.

WHEREFORE, each plaintiff prays that this Court:

1. Issue an order requiring defendants to show cause, if any, why defendants should not be enjoined during the pendency of this action from committing any of the acts complained of in this complaint;

2. Issue a temporary restraining order, a preliminary injunction, and a permanent injunction, restraining and enjoining defendants, defendants' agents, servants, and employees, and all persons acting under or in concert with the defendants from threatening, annoying, harassing, intimidating, or coercing plaintiffs as alleged in this complaint, and particularly from: (a) requiring that plaintiff not stand on the public sidewalk at Main Beach Park while engaging in any protected First Amendment activities.

COMPLAINT

EXHIBIT  A  PG 14

3. Enter judgment against the defendants;

4. Award general damages to plaintiffs in the following amounts:  Jeffrey White - $50,000;

5. Award special damages to each plaintiff according to proof;

6. Award exemplary damages to plaintiffs in the following amounts:  Jeffrey White - $50,000;

7. Award punitive damages to each plaintiff as the court deems just and proper;

8. Award statutory penalties of $25,000 to each plaintiff from each named defendant for each and every violation of Civil Code § 52.1, pursuant to California Code § 52(b)(2);

9. Award costs, interest and attorneys' fees pursuant to 42 U.S.C. § 1988 et seq., and other pertinent federal law;

10. Award costs, interest, and attorney's fees pursuant to California Civil Code § 52 et seq., and other pertinent California law;

11. Grant such other and further relief as the court deems just and proper.

Dated: July 22, 2008

LIFE LEGAL DEFENSE FOUNDATION


ALLISON K. ARANDA
Attorney for Plaintiffs

- 13 -

COMPLAINT

EXHIBIT  A  PG  15

## VERIFICATION

I, Jeffrey White, am a plaintiff in the above-entitled action.  I have read the foregoing Complaint for Damages and Injunctive Relief and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:  July 21, 2008

_____

**JEFFREY WHITE**
Plaintiff

– 14 –

COMPLAINT

EXHIBIT A PG 16

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CITY OF LAGUNA BEACH, CITY OF LAGUNA BEACH POLICE
DEPARTMENT, OFFICER A. PECK (ID#30928), in his Individual and
Official Capacity, and DOES 1-50.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Jeffrey White

| FOR COURT USE ONLY |
| *(SOLO PARA USO DE LA CORTE)* |

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**JUL 23 2008**

ALAN SLATER, Clerk of the Court

BY: _____J. TRAN_____ , DEPUTY

SEP 05 2008

CITY CLERK'S OFFICE
CITY OF LAGUNA BEACH, CA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

30-2008

| The name and address of the court is: | CASE NUMBER: |
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* |
| Orange County Superior Court, Central Justice Center | 00109643 |
| 700 Civic Center Drive | |
| Santa Ana, CA 92701 | |

JUDGE RANDELL L. WILKINSON
DEPT. C25

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Allison K. Aranda, P.O. Box 890685 Temecula, CA 92589
(951) 541-9327

| DATE: **JUL 23 2008** | ALAN SLATER | Clerk, by | **JOSEPH TRAN** | , Deputy |
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): City of Laguna Beach
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☒ CCP 416.90 (authorized person)
          ☒ other (specify): CCP 416.50 (public entity)
4. ☒ by personal delivery on (date): 9/5/08

*Page 1 of 1*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

City Attorney
City Manager
Chief of Police
Officer Peck

EXHIBIT __B__ PG 17

1    **PROOF OF SERVICE BY MAIL**

2    **STATE OF CALIFORNIA, COUNTY OF ORANGE**

3        I am employed by the law office of Rutan & Tucker, LLP in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is
4    611 Anton Boulevard, Fourteenth Floor, Costa Mesa, California 92626-1931.

5        On October 2, 2008, I served on the interested parties in said action the within:

6    **NOTICE OF DEFENDANTS' REMOVAL OF
CIVIL ACTION UNDER U.S.C. § 1441(b)**
7
by placing a true copy thereof in sealed envelope(s) addressed as stated below:
8
    Allison K. Aranda, Esq.    Attorneys for Plaintiff
9        Life Legal Defense Foundation    Jeffrey White
    P.O. Box 890685
10       Temecula, CA 92589

11       In the course of my employment with Rutan & Tucker, LLP, I have, through first-hand personal observation, become readily familiar with Rutan & Tucker, LLP's practice of collection
12   and processing correspondence for mailing with the United States Postal Service. Under that practice I deposited such envelope(s) in an out-box for collection by other personnel of Rutan &
13   Tucker, LLP, and for ultimate posting and placement with the U.S. Postal Service on that same day in the ordinary course of business. If the customary business practices of Rutan & Tucker, LLP
14   with regard to collection and processing of correspondence and mailing were followed, and I am confident that they were, such envelope(s) were posted and placed in the United States mail at
15   Costa Mesa, California, that same date. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date
16   of deposit for mailing in affidavit.

17       Executed on October 2, 2008, at Costa Mesa, California.

18       I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.
19

20       Janet Bechtel
21       (Type or print name)               (Signature)

22

23

24

25

26

27

28

130/053733-0544
960038.01 a10/02/08

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

### SACV08- 1109 JVS (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>JEFFREY WHITE | **DEFENDANTS**<br>CITY OF LAGUNA BEACH, CITY OF LAGUNA BEACH POLICE DEPARTMENT, OFFICER A. PECK, and DOES 1 through 50 inclusve, |
| **(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):<br>Orange County | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):<br>Orange County |
| **(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>PHILIP D. KOHN (SBN 90158)<br>RUTAN & TUCKER, LLP<br>611 Anton Blvd., Fourteenth Floor<br>Costa Mesa, CA 92626 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1  U.S. Government Plaintiff    ☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant   ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:    JURY DEMAND:** ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No          ☒ **MONEY DEMANDED IN COMPLAINT: $** 125,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. Section 1983 claim for violation of First and Fourteenth Amendment rights.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 535 Death Penalty | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/ Other | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/ PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | ☒ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | | ☐ 865 RSI(405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed?  ☒ No  ☐ Yes

**SACV08-01109 JVS (RNBx)**

American LegalNet, Inc.
www.USCourtForms.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☒ No    ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
JEFFREY WHITE, ORANGE COUNTY

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
CITY OF LAGUNA BEACH, ORANGE COUNTY
CITY OF LAGUNA BEACH POLICE DEPARTMENT, ORANGE COUNTY
OFFICER ANDREW PECK, ORANGE COUNTY

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
ORANGE

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____    Date October 3, 2008

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.USCourtForms.com

1                  **PROOF OF SERVICE BY MAIL**

2 **STATE OF CALIFORNIA, COUNTY OF ORANGE**

3        I am employed by the law office of Rutan & Tucker, LLP in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is

4 611 Anton Boulevard, Fourteenth Floor, Costa Mesa, California 92626-1931.

5        On October 3, 2008, I served on the interested parties in said action the within:

6                  **CIVIL COVER SHEET**

7 by placing a true copy thereof in sealed envelope(s) addressed as stated below:

8      Allison K. Aranda, Esq.      Attorneys for Plaintiff
     Life Legal Defense Foundation  Jeffrey White

9      P.O. Box 890685
     Temecula, CA 92589

10

11        In the course of my employment with Rutan & Tucker, LLP, I have, through first-hand personal observation, become readily familiar with Rutan & Tucker, LLP's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under that

12 practice I deposited such envelope(s) in an out-box for collection by other personnel of Rutan & Tucker, LLP, and for ultimate posting and placement with the U.S. Postal Service on that same day

13 in the ordinary course of business.  If the customary business practices of Rutan & Tucker, LLP with regard to collection and processing of correspondence and mailing were followed, and I am

14 confident that they were, such envelope(s) were posted and placed in the United States mail at Costa Mesa, California, that same date.  I am aware that on motion of party served, service is

15 presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

16

17        Executed on October 3, 2008, at Costa Mesa, California.

       I declare under penalty of perjury that I am employed in the office of a member of the bar

18 of this Court at whose direction the service was made and that the foregoing is true and correct.

19

20 _____    _____
        Janet Bechtel
      (Type or print name)           (Signature)

21

22

23

24

25

26

27

28

130/053733-0544
960038.01 a10/02/08